IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

KAREN GRIFFIN, SHYLA CASE,
BARBARA HINDMAN, MARGARET
MOORE, VICKY STEVANS and
MARK PANICHELLO,

        Plaintiffs,
vs.                         **Case No. 11-2366-RDR**

HOME DEPOT USA, INC.,

        Defendant.

## MEMORANDUM AND ORDER

This case proceeds upon a class action complaint alleging age discrimination in employment by defendant Home Depot USA, Inc. This case is before the court upon defendant's motion to dismiss for failure to state a claim and for lack of jurisdiction under FED.R.CIV.P. 12(b)(6) and FED.R.CIV.P. 12(b)(1).

    I.   <u>Allegations in the complaint</u>

The complaint lists six plaintiffs with ages ranging from 46 to 61. These plaintiffs are: Karen Griffin; Shyla Case; Barbara Hindman; Margaret Moore; Vicky Stevans; and Mark Panichello. Each plaintiff worked in a different Home Depot store. Four plaintiffs (Griffin, Case, Hindman and Moore) are from Kansas and worked in different Kansas Home Depot stores, one (Stevans) is from New York and worked in a Home Depot store there, and one (Panichello) is from Oregon and, during his career, worked in two Home Depot stores in Oregon. Each plaintiff was terminated on a different date in

2010.

Three plaintiffs (Griffin, Case and Moore), each from Kansas, worked as "associate coordinators." Their positions were eliminated and defendant did not rehire them for new positions labeled "associate support department supervisors" even though those positions were virtually the same job as "associate coordinator" and the plaintiffs were excellent employees.  These plaintiffs allege that younger, less qualified employees received the "associate support" jobs.

Three plaintiffs (Hindman, Stevans, and Panichello) worked as sales managers or sales associates.  These plaintiffs were terminated based on allegations relating to tardiness, customer service, or violations of policies regarding store purchases. These plaintiffs claim, however, that they were treated less favorably than younger employees, particularly with regard to job discipline for similar alleged infractions and with regard to scheduling.

The complaint generally alleges that defendant has "company-wide policies and practices which have targeted older employees for discharge and disproportionately discharged older employees" and that defendant has engaged in intentional and willful age discrimination.  Doc. No. 1, ¶¶ 15-16; also ¶¶ 73-75.  The complaint further alleges that defendant has a "subjective methodology for making discharge decisions regarding older

employees [which] has had an unjustified disparate impact on older employees." Doc. No. 1, ¶ 17.

II. <u>Legal standards</u>

Under the standards governing Rule 12(b)(6) motions alleging a failure to state a claim, the court accepts the factual allegations in the complaint as true and draws reasonable inferences in favor of plaintiff. <u>Gann v. Cline</u>, 519 F.3d 1090, 1092 (10th Cir. 2008). The complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombley</u>, 550 U.S. 544, 570 (2007). "'[P]lausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id</u>. (quoting <u>Twombly</u>, 550 U.S. at 556). Thus, "where the well-pleaded facts do not permit the court to infer more than

the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief'" within the meaning of FED.R.CIV.P. 8(a)(2).  Id. at 1950 (quoting FED.R.CIV.P. 8(a)(2)).  It is not necessary, however, "for the complaint to contain factual allegations so detailed that all possible defenses would be obviated.  Even after Twombley, the factual allegations need only contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" Christensen v. Park City Mun. Corp., 554 F.3d 1271, 1276 (10th Cir. 2009) (quoting Twombley, 550 U.S. at 570).

Defendant's Rule 12(b)(1) argument is based upon a factual attack relating to the exhaustion of administrative remedies.  As such, the court may consider evidence beyond the factual allegations of the complaint.  See Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001).

   III.   Arguments and analysis

      A.   Disparate impact

Defendant's first argument is undisputed by plaintiffs. Plaintiffs agree that the complaint does not state a claim for liability under a disparate impact theory.  In defendant's reply brief, defendant argues that the disparate impact claim should be dismissed with prejudice and that plaintiffs should not be allowed to conduct discovery with respect to the claim.  The court has not reached the merits of a disparate impact claim.  Therefore, the

court shall dismiss the claim without prejudice. Part of defendant's argument supports this action. If, as defendant argues, the court does not have jurisdiction over a disparate impact claim because of a failure to exhaust administrative remedies, the claim should be dismissed without prejudice. See <u>McDonald-Cuba v. Santa Fe Protective Services, Inc.</u>, 644 F.3d 1096, 1101 (10th Cir. 2011) (remanding case for dismissal of a Title VII retaliation claim without prejudice for failure to exhaust administrative remedies). The court agrees with defendant that plaintiffs should not be permitted to conduct discovery upon a claim which has been dismissed from the case. If the claim is later added by amendment, then discovery may be warranted.

    B. <u>Disparate treatment claims of Griffin, Case and Moore</u>

Defendant contends that these claims should be dismissed because the complaint does not contain any factual content that would plausibly suggest that "but for" their age, these employees would have maintained their employment.[1] These are the plaintiffs who worked as "associate coordinators," had their positions eliminated, and then were not rehired for the virtually identical job of "associate support department supervisor."

The complaint alleges that plaintiff Griffin was not given the "associate support" position despite being an award-winning,

---

[1] Defendant's initial brief appears to confine this argument to the disparate treatment claims of Griffin, Case and Moore. Doc. No. 8 at pp. 6-7. So, the court has done the same.

5

excellent employee and scoring higher on the interview than the younger individual who was selected. Doc. No. 1, ¶¶ 27 and 31. The complaint alleges that Case was also an excellent employee and that older employees holding "associate coordinator" positions were replaced with younger employees. Doc. No. 1, ¶¶ 33 and 37. The complaint alleges that plaintiff Moore was not chosen for an "associate support" position, but instead younger, less qualified individuals were selected." Doc. No.1, ¶ 50.

Although it is a somewhat close call, the court finds that these allegations together with the other asserted facts in the complaint are sufficient to allege a plausible claim of disparate treatment on the basis of age. Other cases in this district have made this finding in comparable situations. See <u>Snyder v. Embarq Management Co.</u>, 2011 WL 4452526 *4 (9/26/2011); <u>Stenger v. Deffenbaugh Industries, Inc.</u>, 2011 WL 1212241 *2 (D.Kan. 3/29/2011); see also, <u>Blakely v. Big Lots Stores, Inc.</u>, 2011 WL 2600754 *8 (N.D.Ind. 6/29/2011). Therefore, the court shall reject defendant's argument to the contrary.

    C.  <u>Pattern and practice allegations</u>

Defendant's next argument is that the complaint fails to state a "claim" for "pattern or practice" discrimination and that this "claim" must be dismissed under Rule 12(b)(6) and the <u>Twombly/Iqbal</u> standards. Defendant contends that the complaint fails to allege facts plausibly suggesting a discriminatory "standard operating

6

procedure" or that plaintiffs are "similarly situated."

The Tenth Circuit, agreeing "with the strong majority of our sister circuits," has held, albeit in an unpublished decision, that the pattern or practice method "should be reserved for government actions or plaintiffs in class actions to establish the presence of a discriminatory policy, rather than to prove an individual claim." Semsroth v. City of Wichita, 304 Fed.Appx. 707, 717-18, 2008 WL 5328466 (10th Cir. 12/22/2008). Hence, defendant's argument invites the court to apply Twombly/Iqbal analysis to a method of proving a class action claim.

The court shall decline to do so. Twombly and Iqbal address the standard of pleading set forth in Rule 8(a). The rule governing class actions, FED.R.CIV.P. 23, "does not set forth a mere pleading standard." Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551 (2011). "'In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.'" Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974) (quoting Miller v. Mackey International, 452 F.2d 424, 427 (5th Cir. 1971)). The court does not believe plaintiffs must allege facts showing a plausible pattern and practice of discrimination in order to satisfy the Rule 12(b)(6) and Rule 8 requirements for stating a claim upon which relief may be granted. See EEOC v. Scrub, Inc., 2009 WL 3458530

7

(N.D.Ill. 10/26/2009) (citing Twombly, 550 U.S. at 570; Swierkiewiez v. Sorema N.A., 534 U.S. 506, 514-15 (2002)); see also, Mooney v. Aramco Services Co., 54 F.3d 1207, 1219 (5th Cir. 1995) ("A 'pattern or practice' claim is not a separate cause of action, but merely another method by which disparate treatment may be shown."); but see, Nicholas v. CMRE Financial Services, Inc., 2009 WL 1652275 *8-9 (D.N.J. 6/11/2009) (class allegations must comply with Rule 8(a) to proceed to class discovery).

        D.   <u>Failure to exhaust administrative remedies</u>

Defendant has argued under FED.R.CIV.P. 12(b)(1) that the claims of plaintiffs Stevans and Panichello should be dismissed for lack of jurisdiction because these plaintiffs have not satisfied the jurisdictional prerequisite of exhaustion of administrative remedies.  See Shikles v. Sprint/United Management Co., 426 F.3d 1304, 1317 (10th Cir. 2005) (exhaustion of administrative remedies is a jurisdictional prerequisite to sue under the ADEA). Defendant has asserted that neither Stevans nor Panichello filed a charge of discrimination with the EEOC.  Plaintiffs do not dispute that Panichello failed to file an administrative charge.  An administrative charge by plaintiff Stevans, however, has been attached to plaintiffs' response to the motion to dismiss. Defendant has replied that it will accept for the moment that Stevans has exhausted her administrative remedies, although it has no record of receiving her charge of discrimination.  Therefore,

defendant's argument is limited to the claim of plaintiff Panichello.

As for plaintiff Panichello, plaintiffs contend that his failure to file an administrative charge is excused under the operation of the "single filing rule."  The "single filing rule" permits a plaintiff who has not filed an individual EEOC charge to piggyback on the timely filing of such a charge by another party who faced similar discriminatory treatment in the same time frame. Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1197 (10th Cir. 2004). The Tenth Circuit stated in Foster that "[t]he act of filing a charge is deemed 'useless' in situations in which the employer is already on notice that plaintiffs may file discrimination claims, thus negating the need for additional filings." Id.

Plaintiffs contend that Panichello may piggyback on the administrative charge filed by plaintiff Stevans on March 18, 2011. In that charge, Stevans alleged that she was a sales associate at a Home Depot store in Patchogue, New York and that she was discriminated and retaliated against by Home Depot in the terms and conditions of her employment because of her age and her complaints of unfair treatment.  She further alleged that she saw older employees being terminated while younger employees who violated rules or engaged in inappropriate behavior were not terminated. She also alleged that she saw Home Depot consistently hire young employees as older employees left their employment.  Her EEOC

9

charge also states: that she was terminated because of her age; that Home Depot has engaged in a pattern and practice of age discrimination; that other similarly situated employees have been discriminated against by Home Depot; and that she was filing the charge on her behalf and on behalf of other similarly situated employees.

In Foster, the court stated that several different tests have been employed to determine when the single filing rule should apply. 365 F.3d at 1197. The broadest test asked only whether the claims of the administrative claimant and the subsequent plaintiff arose out of the same circumstances and occurred within the same general time frame. A narrower test required that the administrative claim give notice that class-based discrimination was being alleged and that the subsequent plaintiff was a member of the class. A still narrower test required that class-based discrimination be alleged and that the administrative claimant purported to represent that class or others similarly situated. 365 F.3d at 1197-98 (quoting Howlett v. Holiday Inns, Inc., 49 F.3d 189, 195 (6th Cir. 1995)). The court in Foster stated that the Tenth Circuit had referred to the first two tests in Thiessen v. General Electric Capital Corp., 267 F.3d 1095 (10th Cir. 2001) to decide whether the single filing rule applied. 365 F.3d at 1198-99.

The court finds that plaintiff Panichello's termination from

employment did not arise from the same circumstances as plaintiff Stevans. They worked in Home Depot stores across the country from each other. They were discharged a few months apart - Stevans in September 2010 (according to her administrative charge) and Panichello in December 2010 (according to the complaint). The complaint describes different grounds for their termination, and Stevans' administrative charge describes only a very broad claim of disparate treatment and retaliation. There is no allegation that the same superior officers made the decision to terminate Stevans and Panichello. Nor does the complaint describe a viable class to which Stevans and Panichello belong. Although Stevans' administrative charge alleges that she was filing it on behalf of similarly situated employees, the court does not believe that the EEOC or Home Depot would be aware that such "similarly situated" employees would include plaintiff Panichello or that Stevans' charge would render an administrative charge by Panichello useless.

Consequently, at this stage the court finds that plaintiff Panichello should not be excused from the administrative exhaustion requirement by the filing of Stevans' administrative charge. Therefore, plaintiff Panichello shall be dismissed without prejudice from this action.

IV.  Conclusion

To summarize, the court shall grant defendant's motion to dismiss as to plaintiff's disparate impact claim. This claim shall

be dismissed without prejudice.  The court shall also dismiss the claims of plaintiff Panichello without prejudice.  Otherwise, defendant's motion to dismiss shall be denied.

**IT IS SO ORDERED.**

Dated this 9th day of January, 2012 at Topeka, Kansas.

                          s/Richard D. Rogers
                          United States District Judge