IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAREN GRIFFIN, *et al.*,         )
                                 )
      Plaintiffs,      )
                                 )
v.                               )   Case No. 11-2366-RDR
                                 )
HOME DEPOT USA, INC.,            )
                                 )
      Defendant.       )

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiffs' Motion to Compel Discovery Responses to Plaintiffs' Initial Requests for Production of Documents and Interrogatories (ECF No. 49). For the reasons set forth below, Plaintiffs' Motion to Compel is generally denied.

    **I.**    **Procedural Conference Requirement**

Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2 require a moving party, in good faith, to confer with opposing counsel about any discovery disputes before filing a motion to compel. When a motion to compel is filed, it "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[1] The duty to confer generally requires counsel to "converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."[2] "When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requested discovery."[3] The parties "must make genuine efforts to resolve the dispute by determining

---

[1] Fed. R. Civ. P. 37(a)(1).

[2] D. Kan. Rule 37.2.

[3] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention."[4]

Here, Plaintiffs served their First Interrogatories and Request for Production of Documents upon Defendant on April 4, 2012. On May 31, 2012, Defendant served Plaintiffs its answers and objections to Plaintiffs' First Interrogatories and Request for Production of Documents. Since then, Plaintiffs contend that Defendant has not responded to their numerous requests to meet and confer about Defendant's discovery objections. Plaintiffs' Motion to Compel claims that Defendant has "simply refused to engage in the process at all[, and i]nstead of [a] good faith discussion, Defendant has 'run the clock' in silence, and delayed discovery for over a month."[5]

Defendant's Response to Plaintiffs' Motion to Compel indicates that the parties have since conferred and resolved some of the discovery disputes.[6] In addition, with the exception of a further meet-and-confer session regarding production of metadata for electronically stored information ("ESI"), it does not appear additional attempts between the parties regarding the remaining discovery disputes would be productive at this time. Therefore, because the moving party made a good faith effort to confer with opposing counsel and a current impasse exists between the parties, the Court finds Plaintiffs have satisfied the procedural conference requirement for their Motion to Compel. The Court notes that, as explained in Section IV of this Memorandum and Order, the parties have not satisfied the meet-and-confer requirement

---

[4] *Id.*

[5] Pls.' Mem. in Supp. of Mot. to Compel at 1, ECF No. 49.

[6] Def.'s Mem. in Opp'n to Mot. to Compel at 6, ECF No. 58.

regarding metadata and production of ESI discovery and, therefore, the parties are directed to do so.

II. **Background**

Currently, this case involves claims of age discrimination in employment by five former employees of Defendant Home Depot. Plaintiffs Griffin and Hindman were employed by Home Depot at its Leavenworth, Kansas, store. Plaintiff Case was employed at the Home Depot location in Merriam, Kansas. Plaintiff Moore previously worked at the Overland Park, Kansas, store while Plaintiff Stevans had been employed at the Defendant's store in Patchogue, New York.

Each Plaintiff claims that she was discharged in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, *et seq*., and alleges a "pattern and practice" of intentional age discrimination and retaliation. Plaintiffs seek to pursue this action not only on behalf of themselves but also pursuant to 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b) for "similarly situated employees of Home Depot who have suffered harm as a result of Home Depot's pattern and practice of age discrimination in the context of discharging and retaliating against employees."[7] In other words, Plaintiffs are seeking potentially to have this case certified as a nationwide collective action against Home Depot.

Plaintiffs' discovery requests seek information not just from the stores where Plaintiffs worked but for all retail stores owned by Home Depot from 2005 to the present. Since 2005, Home Depot reports it has operated more than 2,000 stores located throughout all fifty states and has employed more than one million individuals.[8]

---

[7] *See* Pls.' Second Am. Compl. at 4, ECF No. 25.

[8] *See* Decl. of Amy Senatore, ECF No. 58-7.

At the initial scheduling conference held in this case, the Court directed that discovery be bifurcated into two separate phases. The first phase of discovery, leading up to any certification motion, should focus directly on collective action certification issues. The Court, however, declined to strictly prohibit any merits discovery during this phase. Following a ruling on any proposed motion for conditional collective action certification, the Court would hold another scheduling conference to discuss case management deadlines for the second phase of discovery. In addition to merits discovery, the Court informed the parties that the second phase of discovery would focus on whether opt-in plaintiffs are similarly situated.[9] To date, no motion for collective action certification has been filed and this case is still in the first phase of discovery.

The discovery dispute before the Court largely focuses on the scope of discovery and whether Plaintiffs are entitled to certain information from all of Defendant's retail stores spanning from 2005 to the present date. In addition, Plaintiffs argue that Defendant should be compelled to produce any responsive ESI in its native format with metadata intact.[10] Defendant has responded in part to most of Plaintiffs' discovery requests, subject to its objections.[11] While the motion before the Court originally sought to compel responses to all of Plaintiffs' opening interrogatories and requests for production of documents, it is the Court's understanding that all issues related to Interrogatory Nos. 3, 6, 7, and 8 and Request for Production Nos. 1, 2, and 6 have been resolved by the parties subsequent to the filing of Plaintiffs' Motion to Compel. As a result, Plaintiffs' Motion to Compel as it pertains to these discovery requests is denied as moot.

---

[9] *See* Scheduling Order at 3-4, ECF No. 19.

[10] *See* Pls.' Mem. in Supp. of Mot. to Compel at 5-6, ECF No. 49.

[11] *See* Def.'s Objections to Pls.' Opening Interrogs., ECF No. 49-6; Def.'s Objections to Pls.' Opening Req. for Produc. of Docs., ECF No. 49-7.

In addition, with the exception of Interrogatory No. 4, Defendant also produced documents and information responsive to the other initial discovery requests for each of the stores in which Plaintiffs worked but limited to the year of Plaintiffs' termination (2010) and the two years prior to their terminations.[12] It remains for the Court to determine whether to compel further responses to Interrogatory Nos. 1, 2, 4, and 5 and Request for Production Nos. 3, 4, and 5. Likewise, the production of ESI in its native format with metadata intact has not been resolved.

**III.     Discussion**

Fed. R. Civ. P. 26(b)(1) provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." When a party fails to make disclosure of discovery, the opposing party may file a motion to compel. When a motion to compel is filed and asks the court to overrule certain objections, the objecting party's response must specifically show how each discovery request is objectionable.[13] Objections initially raised but not supported in the objecting party's response to the motion to compel are deemed abandoned.[14] Similarly, any objections not asserted in the initial response to a discovery request but raised in response to a motion to compel will be deemed waived.[15] If, however, the discovery request seeks information that does not appear facially relevant, the burden is on the movant to demonstrate how the requests are not objectionable.[16] With this standard in mind, the Court turns to the discovery disputes in question.

---

[12] *See* Def.'s Mem. in Opp'n to Mot. to Compel at 12, ECF No. 58.

[13] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

[14] *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 615 (D. Kan. 2005) (citing *Sonnino*, 221 F.R.D. at 670; *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999)).

[15] *Cardenas*, 230 F.R.D. at 621.

[16] *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 663 (D. Kan. 2003) (citing *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)).

1. **Interrogatory Nos. 1 and 2**

Interrogatory Nos. 1 and 2 seek specific information related to Defendant's entire workforce. Specifically, Interrogatory No. 1 asks Defendant to identify each job title used at Home Depot retail stores from 2005 to the present. In addition, Plaintiffs ask Defendant to state the job description for each job title, including any requirements for holding each title, the average number of employees in each job title at a given location, and the manner in which each job title is compensated (e.g., hourly wage, commission, etc.). Interrogatory No. 2 asks Defendant if any job titles have been changed or eliminated since 2005. If Defendant answers Interrogatory No. 2 in the affirmative, Plaintiffs ask Defendant to describe the nature of any such changes. Defendant reports it provided this information in three excel spreadsheets (years 2008-2010) for Plaintiffs' individual stores which covered approximately 1,443 employees.[17] Defendant also states it provided job descriptions for the positions at those stores and information for the job titles eliminated in the stores where Plaintiffs worked.[18]

Defendant's main objections to discovery presently in dispute, including Interrogatory Nos. 1 and 2, are that such requests are irrelevant, overly broad, and unduly burdensome. Defendant specifically argues that the discovery requests are irrelevant because they focus on Home Depot nationwide rather than on the individual stores where Plaintiffs were employed and where the decisions to terminate their employment were made.[19] In addition, Defendant argues that Plaintiffs' requests are overboard and unduly burdensome because they are not reasonably limited in temporal and geographic scope.

---

[17] *See* Decl. of Lindsey Harmon at ¶ 3, ECF No. 58-6.

[18] *See id.* at ¶ 2, 4.

[19] *See* Decl. of Amy Senatore at Ex. A-B, ECF No. 58-7.

Fed. R. Civ. P. 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Relevant information does not need to "be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[20] Relevancy is broadly construed at the discovery stage and a "request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[21] Nevertheless, "discovery, like all matters of procedure, has ultimate and necessary boundaries."[22] A discovery request should not be allowed if "'*it is clear* that the information sought can have *no possible* bearing' on the claim or defense of a party."[23] Additionally, "[t]here is no presumption in the Federal Rules of Civil Procedure that a discovery request is relevant."[24]

Relevance is often apparent on the face of the request.[25] When discovery appears relevant on its face, the opponent to the discovery request must "establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure."[26]

---

[20] Fed. R. Civ. P. 26(b)(1).

[21] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001) (quoting *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999)).

[22] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1977) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

[23] *Jones v. Rent-A-Center, Inc*., No. 01-2320-CM, 2002 WL 924833, at * 2 (D. Kan. May 2, 2002) (emphasis in original) (quoting *Scott*, 190 F.R.D. at 585).

[24] *Presbyterian Manors, Inc. v. Simplexgrinnell, L.P*., No. 09–2656–KHV, 2010 WL 3880027, at *7 (D. Kan. Sept. 28, 2010) (citing *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05–1203–WEB, 2007 WL 608343, at *8 n.20 (D. Kan. Feb. 22, 2007)).

[25] *Id*. (citing *Thompson*, 2007 WL 608343, at *8 n.20).

[26] *Goodyear Tire & Rubber Co.*, 211 F.R.D. at 663 (citing *Scott*, 190 F.R.D. at 585).

On the other hand, when relevancy is not apparent on the face of the request, the proponent of a discovery request must, at the outset, show the relevance of the requested information.[27]

Generally, precertification discovery should focus on the requirements for certification rather than the merits of the parties' claims.[28] Merits discovery "pertains to the strengths or weaknesses of the claims or defenses and whether they are likely to succeed."[29] Certification of a collective action under the ADEA is authorized by 29 U.S.C. § 626(b) and expressly provides for its enforcement in accordance with the procedures in 29 U.S.C. § 216(b).[30] Section 216(b) allows for an opt-in collective action on behalf of similarly situated employees.[31] However, the term "similarly situated" is not clearly defined in the statute.

The Tenth Circuit, in *Thiessen v. General Electric Capital Corp.*, approved a two-stage approach to determine whether plaintiffs are "similarly situated."[32] In the first stage, a court will typically make "an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'"[33] This step requires "nothing more than substantial allegations that the putative class

---

[27] *Presbyterian Manors, Inc.*, 2010 WL 3880027, at *7 (citing *Thompson*, 2007 WL 608343, at *8 n.20).

[28] *See Manual for Complex Litigation* § 21.14; *see also Thiessen v. Gen. Electric Capital Corp.*, 267 F.3d 1095, 1106-07 (10th Cir. 2001) (citing *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988) (holding that a district court, in making a class certification decision, should avoid focusing on the merits of underlying class action); *Anderson v. City of Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982) (reversing and remanding denial of class certification where district court indicated its belief that plaintiff could not prevail on individual claims)).

[29] *Manual for Complex Litigation* § 21.14.

[30] *See* 29 U.S.C. § 626(b) (stating that the ADEA "shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section." *Id.*).

[31] *See* 29 U.S.C. § 216(b); *see also Thiessen*, 267 F.3d at 1102 (noting that the "similarly situated" standard requires a different showing than certification of a class action under Fed. R. Civ. P. 23).

[32] 267 F.3d at 1102-05.

[33] *Thiessen*, 267 F.3d at 1102; *see In re Bank of Am. Wage & Hour Emp't Litig.*, 286 F.R.D. 572, 576 (D. Kan. 2012) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995); *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 (3rd Cir. 2012) (noting "conditional certification" is "not really a certification," it is simply the exercise of a district court's discretionary power to facilitate the sending of notice)).

members were together the victims of a single decision, policy, or plan."[34] When determining if this standard is met, courts "consider the substantial allegations of the complaint along with any supporting affidavits or declarations."[35] Therefore, this requirement "creates a lenient standard which typically results in conditional certification of a representative class."[36] If Plaintiffs meet the first-stage requirement, the collective action may be conditionally certified for the purpose of sending notice to potential opt-in class members.[37] The second stage of the analysis occurs after the conclusion of discovery and is often prompted by a motion to decertify.[38] It is at this stage that the court utilizes a stricter standard to determine whether the opt-in class is "similarly situated."[39] Thus, in the precertification stage of this case, Plaintiffs' discovery requests should primarily focus on information needed to meet the lenient first-stage standard for conditionally certifying a collective action.

---

[34] *Thiessen*, 267 F.3d at 1102 (citing *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997) (quoting *Bayles v. Am. Med. Response of Colo., Inc.*, 950 F. Supp. 1053, 1058 (D. Colo. 1996))).

[35] *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 434 (D. Kan. 2007) (citing *Thiessen*, 267 F.3d at 1102 (nothing more than substantial allegations required at notice stage of certification); *Boldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1093 (D. Colo. 2005) (considering allegations and declarations at notice stage); *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 680-81 (considering allegations and affidavits at notice stage); *Williams v. Sprint/United Mgmt. Co.*, 222 F.R.D. 483, 485 (D. Kan. 2004) (at the notice stage, a court analyzes certification under a lenient standard looking to substantial allegations and plaintiff's affidavits)).

[36] *Renfro*, 243 F.R.D. at 432 (citations omitted).

[37] *See In re Bank of Am. Wage & Hour Emp't Litig.*, 286 F.R.D. at 576-77.

[38] *Thiessen*, 267 F.3d at 1102-03.

[39] *Id.* at 1103 (stating:
> During this "second stage" analysis, a court reviews several factors, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required by the ADEA before instituting suit.

*Id.* (internal quotation marks omitted) (citing *Vaszlavik*, 175 F.R.D. at 678)).

Since 2005, Home Depot reports it has employed more than one million employees in more than two thousand stores nationwide.[40] Plaintiffs' current claims arise from alleged unlawful terminations at only four stores in two different states.[41] Interrogatory Nos. 1 and 2 seek specific information from every retail store owned by Home Depot within the United States. Plaintiffs' only explanation provided to the Court regarding these interrogatories is that geographically Plaintiffs represent "several states" and the temporal scope of such information dating from 2005 is "not unreasonable."[42]

"When addressing overly broad objections to discovery requests, courts have limited the geographic scope of discovery."[43] Section 216(b) collective actions "require a broader scope of discovery in order to identify those employees who may be similarly situated, and who may therefore ultimately seek to opt into the action."[44] In the precertification stage of this case, however, the geographic scope of discovery should be focused on gathering evidence to meet the requirements for any conditional certification motion by showing a substantial allegation that the putative class members were victims of a single decision, policy, or plan.[45]

---

[40] *See* Decl. of Amy Senatore, ECF No. 58-7.

[41] *See* Pls.' Second Am. Compl. at 4, ECF No. 25; Judge Rogers' Order, ECF No. 60 (excluding the claims relating to two Plaintiffs and any allegations seeking recovery based upon a disparate impact theory).

[42] Pls.' Mem. in Supp. of Mot. to Compel at 7, ECF No. 49.

[43] *McBride v. Medicalodges, Inc*., 250 F.R.D. 581, 585 (D. Kan. 2008) (citing *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 653-54 (D. Kan. 2004) (limiting scope of discovery to defendant's sub-unit that employed plaintiff rather than larger corporate division); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 195 (D. Kan. 1996) (limiting scope of discovery to defendant's Emporia plant that employed plaintiff); *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995) (limiting scope to plaintiff's employing unit); *Azimi v. United Parcel Serv., Inc.*, No. 06-2114-KHV-DJW, 2007 WL 2010937, at *2-3 (D. Kan. July 9, 2007) (limiting scope of discovery to Kansas district)).

[44] *Hammond v. Lowe's Home Ctrs., Inc*., 216 F.R.D. 666, 671 (D. Kan. 2003).

[45] *Thiessen,* 267 F.3d at 1102 (citing *Vaszlavik*, 175 F.R.D. at 678 (quoting *Bayles*, 950 F. Supp. at 1058)).

The specific claims contained in Plaintiffs' Second Amended Complaint as well as a comparison of the administrative charges filed with the Equal Employment Opportunity Commission ("EEOC") suggest that the reasons given for Plaintiffs' terminations were not the same and were highly individualized.[46] It appears that the decisions regarding Plaintiffs' treatment and decisions to terminate their employment were made at the local store level where each worked. Factual differences among the Plaintiffs and their employment settings are not fatal to permitting certain broad-based discovery at the precertification state of this potential collective action.[47] However, beyond conclusory allegations of a "pattern or practice" of age discrimination, little appears to suggest that these individual Plaintiffs were the subject of decisions based upon a company-wide plan or policy. The Court finds that precertification discovery should be limited to the stores in which the Plaintiffs worked.[48] In response to Plaintiffs' discovery requests, Defendant previously provided detailed information regarding approximately 1,443 employees who had been employed at these retail stores. The Court concludes that the scope of discovery should be limited to these four retail store locations. Plaintiffs' Motion to Compel nationwide discovery with respect to Interrogatory Nos. 1 and 2 is denied as irrelevant and overly broad based upon their geographic scope.

In addition, "[c]ourts in employment and employment discrimination cases typically allow discovery for a reasonable period prior to, and following, the claimed violations or

---

[46] *See generally* Pls.' Second Am. Compl., ECF No. 25; Pls.' EEOC Charges of Discrimination, ECF No. 58-1, 58-2, 58-3, 58-4, 58-5.

[47] *Thiessen*, 267 F.3d at 1103, 1105.

[48] *See generally Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 311-12 (D. Colo. 1998) (holding that discovery should not be extended nationwide because plaintiffs have failed to present any evidence to support that defendant maintains a national policy in violation of the Fair Labor Standards Act).

discrimination."[49] When a potential collective action is filed under the ADEA, however, the relevant time period is more restrictive. 29 U.S.C. § 626(d)(1) states that an ADEA civil action may be brought only after the individual has made a charge alleging unlawful discrimination with the EEOC. With limited exceptions, the charge of unlawful discrimination must be filed within three hundred days after the alleged unlawful practice.[50] One such exception arises in collective action claims when plaintiffs allege the same unlawful discrimination under the ADEA. This exception allows an individual, who did not file with the EEOC, to piggyback on an EEOC complaint of another plaintiff so long as the non-filing plaintiff is "similarly situated" or the filed charge gives notice of the collective or class-wide nature of the claim.[51] Further, "a subsequent plaintiff may only piggyback on a charge if he or she could have filed a timely charge of discrimination at the time the charge-filing plaintiff filed his or her charge."[52] In sum, all those in a potential collective action must have either filed their own charge with the EEOC or were allowed to piggyback on another plaintiff's EEOC charge. Thus, the relevant time frame

---

[49] *Long v. Landvest Corp.*, 2006 WL 897612, No. Civ. A. 04-2025-CM-DJ, at *7 (D. Kan. Mar. 31, 2006) (citing *Owens*, 221 F.R.D. at 655 ("Courts commonly extend the scope of discovery to a reasonable number of years both prior to and following [the liability period].")); *see generally Hammond*, 216 F.R.D. 666 (D. Kan. 2003) (limiting the temporal scope of discovery to three years prior to the institution of the cause of action based on the three year statute of limitations for Fair Labor Standards Act claims).

[50] 29 U.S.C. § 626(d)(1)(B). "[I]n a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier." *Id. See Thiessen,* 267 F.3d at 1110-1111 (holding that there are exceptions to the three hundred day filing requirement). An individual does not have to file a charge with the EEOC if he or she satisfies the requirements to piggyback on another filer's charge. *Id.* Additionally, a potential opt-in plaintiff's claim arising more than three hundred days prior to the first EEOC charge may be within the time frame allowing opt-in plaintiffs to join into the class if the potential plaintiff can satisfy the requirements to fall under continuing violation doctrine. *Id.*

[51] *Thiessen*, 267 F.3d at 1110.

[52] *Bolton v. Sprint/United Mgmt. Co.*, No. 05-2361-JWL, 2006 WL 1789142, at *2 (D. Kan. June 29, 2006) (citing *Thiessen*, 267 F.3d at 1111; *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1226-27 (11th Cir. 2001)).

for a potential collective action begins three hundred days prior to filing the first EEOC charge and ends with the date of the filing of the last EEOC charge.

The first EEOC charge was filed by Plaintiff Griffin on July 3, 2010, alleging an unlawful termination in that same year.[53] Further, the last EEOC charge was filed by Plaintiff Stevans on March 21, 2011, claiming an unlawful termination on September 10, 2010.[54] Accordingly, the Court holds that a request for discovery five years prior to the first EEOC charge to be facially overbroad. Plaintiffs argue that "given the broad scope of discovery set forth in Rule 26, Plaintiffs believe that their requests for information dating to 2005 are not unreasonable."[55] Plaintiffs provide no further explanation as to why an eight year time frame is warranted. At this precertification stage, the relevant time frame for potential opt-in plaintiffs is from September 6, 2009 (three hundred days from the first EEOC charge) to March 21, 2011 (the date of the last EEOC charge).[56] The Court, therefore, concludes that Plaintiffs' discovery requests at this stage of the case are limited to the years of 2008, 2009, 2010, and the first three months of 2011. Limiting the temporal scope of permissible discovery directed at issues concerning conditional certification to this time period is appropriate.

Accordingly, Defendant's relevancy and overbreadth objections are generally sustained and Plaintiffs' Motion to Compel further responses to Interrogatories Nos. 1 and 2 is hereby denied with the exception of providing information for the additional period of January through March 2011.

---

[53] Pl. Griffin's EEOC Charge of Discrimination, ECF No. 58-1.

[54] Pl. Stevan's EEOC Charge of Discrimination, ECF No. 58-5.

[55] Pls' Mem. in Supp. of Mot. to Compel at 7, ECF No. 49.

[56] The first EEOC charge was filed by Plaintiff Griffin on July 3, 2010. Three hundred days prior to July 3, 2010, is September 6, 2009. The last EEOC charge was filed by Plaintiff Stevans on March 21, 2011. The Court notes that Defendant has already responded to Plaintiffs requests for 2008 with regards to the stores Plaintiffs worked.

## 2. Interrogatory No. 4

Interrogatory No. 4 asks Defendant if Home Depot engaged in a workforce reduction of any kind since 2005.[57] If there was a workforce reduction, Plaintiffs ask Home Depot to state the criteria used for determining which positions and/or employees were terminated as part of the workforce reduction.[58] Defendant objects to this interrogatory on the grounds that it is irrelevant, overly broad, unduly burdensome, and vague.

The Court is unable to determine how the information requested in Interrogatory No. 4 pertains to any certification issue in this case and, therefore, finds it is not facially relevant at this stage of discovery. Therefore, the burden rests on Plaintiffs to show the relevancy of the discovery they seek.[59] Plaintiffs argue that such information is relevant because, "[a]ssuming that Defendant has implemented a reduction-in-force, the criteria used for determining which employees were terminated is clearly relevant to these claims."[60] In addition, Plaintiffs argue that such information falls within the broad scope of discovery.[61] Defendant submits that this interrogatory is not relevant because none of the named Plaintiffs have based their termination on a workforce reduction and "if they had, only the workforce reduction that affected them would be relevant."

Plaintiffs provide no explanation regarding how information related to workforce reduction is relevant in this case. Mere conclusory statements do not provide the Court with sufficient detail and explanation as to how this interrogatory is relevant. In their Second

---

[57] *See* Def.'s Objections to Pls.' Opening Interrogs., ECF No. 49-6.

[58] *See id.*

[59] *Goodyear Tire & Rubber Co.*, 211 F.R.D. at 663 (citing *Steil*, 197 F.R.D. at 445).

[60] Pls.' Mem. in Supp. of Mot. to Compel at 10, ECF No. 49.

[61] *See id.*

Amended Complaint, Plaintiffs do not allege they were terminated as a result of a workforce reduction. Without alleging a workforce reduction or providing the Court with any explanation as to the interrogatory's relevance, the Court will not compel a further response to this interrogatory. The Court sustains Defendant's relevancy objection and Plaintiffs' Motion to Compel a discovery response to Interrogatory No. 4 is hereby denied.

### 3. Interrogatory No. 5 and Request for Production No. 4

Interrogatory No. 5 asks Defendant to state the number of persons employed by Home Depot at its retail stores since 2005, the hire date and termination date (if applicable) of each employee, the reason for termination of all terminated employees, and the date of birth of each employee.[62] Interrogatory No. 5 also asks Home Depot to produce, in lieu of responding to the interrogatory, a file that includes a database or other electronic file that records the information requested in Interrogatory No. 5, if Home Depot maintained such information. Request for Production No. 4 requests Defendant to produce all databases or other electronic files maintained by Home Depot that show the hire and termination dates (if applicable), and the dates of birth of all employees at its retail stores.[63] Defendant objects to producing this statistical information claiming it is irrelevant, overly broad in temporal and geographic scope, and unduly burdensome. Nonetheless, Defendant, subject to and without waiving any of the foregoing objections, has produced three excel spreadsheets containing, among other information, the date of birth, hire date, termination date, job title, and reason for termination of all employees in the stores that Plaintiffs worked from 2008-2010.[64]

---

[62] *See* Def.'s Objections to Pls.' Opening Interrogs., ECF No. 49-6.

[63] *See* Def.'s Objections to Pls.' Opening Req. for Produc. of Docs., ECF No. 49-7.

[64] Decl. of Lindsey Harmon, ECF No. 58-6.

Plaintiffs argue that nationwide discovery is "relevant to demonstrate that Defendant has engaged in [a] pattern and practice [of] discrimination at its retail stores, to define the class and identify potential members, and to refute any proffered reason for termination of employees that Defendant asserts at trial."[65] For substantially the same reasons the Court limited the geographic and temporal scope of Plaintiffs' discovery requests, the Defendant's relevancy objections are sustained and Plaintiff's Motion to Compel further responses to Interrogatory No. 5 and Request for Production No. 4 is hereby denied. Defendant shall supplement its responses to include additional information for the time period of January through March 2011.

   4. **Request for Production Nos. 3 and 5**

Plaintiffs' Request for Production No. 3 requests Defendant to produce any personnel or policy manuals used by Home Depot in its retail stores. Request for Production No. 5 asks Defendant to produce all training manuals or other documents, not limited to but including paper, video, electronic, or other media used to train management at Home Depot's retail stores. Defendant objects to these requests for production stating that they are irrelevant, overly broad in temporal and geographic scope, and unduly burdensome. Defendant has produced, subject to and without waiving any foregoing objections, those portions of its policy manuals and training materials related to discrimination, retaliation, employee discipline, termination, separations other than termination, and lateral movement into other jobs.[66]

The Court is unable to determine, beyond what Defendant has produced, how Request for Production Nos. 3 and 5 seek information that is facially relevant for the first phase of discovery. Therefore, the burden rests on Plaintiffs to show their relevancy for this stage of discovery.

---

[65] Pls.' Mem. in Supp. of Mot. to Compel at 8-9, ECF No. 49.

[66] Decl. of Lindsey Harmon, ECF No. 58-6.

Plaintiffs' sole argument is that their requests for manuals are "clearly relevant to the claims and defenses at issue in this case . . . [and] will provide strong insight into Plaintiffs' work performance and whether Defendant's proffered reason constitute pretext." Mere conclusory statements do not provide the Court with sufficient detail and explanation as to how these requests are relevant. Without further explanation from the Plaintiffs, the Court concludes Plaintiffs have not shown the relevancy of Request for Production Nos. 3 and 5 for this stage of discovery. The Court hereby sustains Defendant's objection.

### IV. Electronic Discovery

Plaintiffs argue that "to the extent that the information Plaintiffs have requested is stored electronically in databases or spreadsheets, Defendant should be compelled to produce it in native format with its metadata intact."[67] The Court's Scheduling Order states the parties will disclose ESI consistent with the guidelines adopted by the District.[68] The District Court's guidelines require the parties to meet and confer regarding ESI with metadata.[69] The parties' briefing for this motion is unclear as to whether the parties have met and conferred regarding the issue of ESI and metadata.

In addition, Plaintiffs' discovery requests do not specify the form of production with regard to ESI.[70] The only discussions of ESI in Plaintiffs' discovery requests come from

---

[67] Pls.' Mem. in Supp. of Mot. to Compel at 6, ECF No. 49.

[68] Scheduling Order, ECF No. 19.

[69] The United States District Court for the District of Kansas, *Guidelines for Discovery of Electronically Stored Information (ESI)* (Feb. 1, 2008), http://www.ksd.uscourts.gov/wp-content/uploads/2010/03/electronicdiscovery guidelines.pdf.

[70] *See* Def.'s Objections to Pls.' Opening Interrogs., ECF No. 49-6; Def.'s Objections to Pls.' Opening Req. for Produc. of Docs., ECF No. 49-7.

Interrogatory No. 5 and Request for Production No. 4.[71] Neither of these two discovery requests state how metadata should be handled or provide in what form the ESI should be produced. The District Court's guidelines state that "under Fed. R. Civ. P. 34, if the requesting party has not designated a form of production in its request, or if the responding party objects to the designated form, then the responding party must state in its written response the form it intends to use for producing ESI."[72] Defendant's response to Interrogatory No. 5 and Request for Production No. 4 only make the general objections previously discussed. Nonetheless, Defendant has provided electronic data, without waiving its previous objections, in an excel file as to the stores where Plaintiffs worked. Based on the foregoing, the Court directs the parties to meet and confer regarding the use of metadata and the form of production of ESI. If an agreement cannot be reached on the matter, the parties can seek relief by filing the appropriate motion with the Court within twenty-one (21) days of the filing of this Order.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel is generally denied. Defendant shall supplement its prior production and responses to include the additional time period of January through March 2011. The parties are also directed to meet and confer regarding the use of metadata and the form of production of ESI. If an agreement cannot be reached regarding the production of ESI, the parties can seek relief from the Court by filing the appropriate motion within twenty-one (21) days of the filing of this Order.

---

[71] *See* Def.'s Objections to Pls.' Opening Interrogs., ECF No. 49-6; Def.'s Objections to Pls.' Opening Req. for Produc. of Docs., ECF No. 49-7.

[72] The United States District Court for the District of Kansas, *Guidelines for Discovery of Electronically Stored Information (ESI)* (Feb. 1, 2008), http://www.ksd.uscourts.gov/wp-content/uploads/2010/03/electronicdiscovery guidelines.pdf (citing for a discussion of "form of production," *see* Fed. R. Civ. P. 34(b) cmt. to 2006 amendments).

**IT IS SO ORDERED.**

Dated this 28th day of March, 2013, at Topeka, Kansas.

*s/* K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge